PER CURIAM.

(No. 5829—Claimant ▮▮▮▮▮▮▮▮▮

EMILE WASHINGTON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 18, 1974.*

JAMES P. TATOOLES, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant Emile Washington has filed suit pursuant to Chapter 37, Illinois Revised Statutes, Section 439.8, claiming $15,000 damages for unjust imprisonment. That Statute establishes a maximum of $15,000 damages for unjust imprisonment for up to five years.

On January 22, 1967, one Delores Brooks was accosted by a group of approximately six youths, and raped by four of them. Claimant was arrested fleeing the scene of the crime, and on October 18, 1967, was convicted of the rape and sentenced to a term of from two to five years in the penitentiary. On February 25, 1970, his conviction was reversed by the Illinois Appellate Court on the ground that he had not been proven guilty beyond a reasonable doubt. Claimant was discharged from incarceration on April 13, 1970, after having served two years, five months, and 26 days of his sentence.

The record before this Court raises several provocative questions. For instance, it is difficult to understand why claimant was apparently the only party ever prosecuted in connection with the rape of Delores Brooks. Claimant testified at his trial that a cousin, one Henry Summers, was at the scene of the crime, and at least had knowledge of what was being done to Ms. Brooks. Claimant also testified that Summers had told him that one "Jimmie Bell" was one the rapists. Yet it appears that neither Summers nor Bell was ever charged in connection with the crime.

At Claimant's trial, Delores Brooks had testified that claimant was not among the youths who raped her. However, the prosecution proceeded upon a theory that claimant's presence at the scene of the crime, and his flight from police, were sufficient to prove his complicity

in the crime. The Appellate Court reversed the guilty verdict on the ground that there was absolutely no evidence that claimant had participated in or facilitated the rape by the other boys.

Called as a witness by the claimant in this proceeding, Delores Brooks again testified that claimant was not one of the rapists. She further testified that she did not know if claimant was present at the rape. Claimant himself testified that on January 22, 1967, he had been visiting a relative, and was on his way home when he innocently happened upon the scene of the crime.

Respondent presented no proof rebutting claimant's evidence, and in fact concedes that claimant was innocent of the crime for which he was imprisoned for almost two and one-half years. We, therefore, find that claimant has established his innocence of the fact of the crime for which he was incarcerated.

In *Dirkans* v. *State,* 25 C.C.R. 344 (1965), we said that in order for a claimant to recover for wrongful imprisonment, "the burden is upon (him) to prove by a preponderance of the evidence (1) that the time served in prison was unjust; (2) that the act for which he was wrongfully imprisoned was not committed by him; and (3) the amount of damages to which he is entitled." Respondent asserts that claimant has not established the amount of damages to which he is entitled, and therefore should be awarded only a minimal recovery. Claimant contends that he should be awarded $15,000 as compensation for his unjust imprisonment.

Claimant was eighteen years old at the time of his conviction, and had an eighth grade education. Before being accused of the rape of Delores Brooks, claimant, had spent time in a youth correctional facility, but had no prior criminal record.

Prior to his incarceration claimant had been employed by the Corolite Corporation and earned between $65 and $70 per week. Upon his release he was hired by the Coca Cola Company, and earned $118 per week in take home pay.

Claimant is hereby awarded the sum of $7,500.